Per Curiam.
{¶ 1} In this expedited election case, relator, Omar Ganoom, seeks a writ of mandamus compelling the city of Upper Arlington[1] to conduct an election to fill a seat on the city council. For the reasons discussed below, we grant the writ. Background
{¶ 2} The term of office for an Upper Arlington City Council member is four years. In November 2015, Mike Schadek was reelected to his seat on the council. Four months later, in March 2016, he resigned his council seat. On May 9, 2016, the Upper Arlington City Council appointed Sue Ralph as Schadek’s replacement.
{¶ 3} Ganoom contends that there must be an election in November 2016, with the winner to serve in the vacated council seat until Schadek’s term expires in January 2020, and he alleges that he has taken all the steps necessary to appear on the ballot as a candidate. Ralph has also submitted nominating petitions (apparently out of an abundance of caution). Upper Arlington contends that according to the city charter, no election is required to fill the seat.

The motion to amend

{¶ 4} On August 18, 2016, Ganoom filed this expedited election complaint seeking a writ of mandamus against the Franklin County Board of Elections and the Upper Arlington respondents. The complaint did not include an affidavit, as required by S.Ct.Prac.R. 12.02(B)(1). The next day, Ganoom filed an affidavit, in which he stated that the matters in the complaint were true, based on his personal knowledge. However, the affidavit indicates that it was served on respondents by ordinary U.S. mail; it therefore did not comply with S.Ct.Prac.R. 12.08(C), which requires all documents in expedited election cases to be “served on the date of filing by personal service, facsimile transmission, or e-mail.”
*340 {¶ 5} Respondents filed answers pointing out the lack of an affidavit accompanying the complaint and Ganoom’s failure to properly serve the affidavit that he filed on August 19. Ganoom and Upper Arlington briefed the case on the merits, and on September 6, 2016, along with his reply brief, Ganoom filed and properly served a motion for leave to amend his affidavit, along with the new affidavit.
{¶ 6} The complaint in an original action must “contain a specific statement of facts upon which the claim for relief is based [and] an affidavit specifying the details of the claim.” S.Ct.Prac.R. 12.02(B)(1). In opposition to the motion, Upper Arlington asserts that the amended affidavit is defective because it does not specify the details of the claim. But in this case, there are no additional “details” for Ganoom to submit by way of affidavit. The case presents a single, discrete question of law: the proper interpretation of the Upper Arlington City Charter. We therefore see no defect in Ganoom’s affidavit.
{¶ 7} Alternatively, Upper Arlington and the board of elections argue that Ganoom unreasonably delayed submitting his motion. But since the parties all understood and briefed the legal issue and Ganoom’s affidavit provided no additional legal or factual information, we hold that respondents suffered no prejudice from the alleged delay.
{¶ 8} We grant the motion for leave to amend.

The Upper Arlington City Charter

{¶ 9} The Upper Arlington City Council consists of seven members serving four-year terms. Elections for these seats are held in odd-numbered years, with three seats on the ballot in some years and four seats in others.
{¶ 10} The charter provision in controversy is the second paragraph of Section IY:
A vacancy in the Council shall be filled by a majority vote of the remaining Council Members. If an appointment occurs after June 30 in the final two years of a term, then Council shall make the appointment for the unexpired term. Otherwise the appointment shall be until the second Monday in January following the next general election.
Pursuant to the third sentence quoted above, the Upper Arlington City Council appointed Ralph to fill Schadek’s vacant seat until the second Monday in January following the general election.
(¶ 11} But what happens then? The charter does not expressly state that the vacated council seat’s unexpired term must appear on the next general election ballot. For this reason, Upper Arlington argues that “there is no plausible reading of Section IV other than that City Council is to make consecutive *341 appointments to fill vacant Council seats.” In other words, the city council claims that when Ralph’s appointment expires in January 2017, it can simply reappoint her — and continue appointing her as many times as is necessary until Schadek’s original term expires in 2020.
{¶ 12} Upper Arlington’s interpretation of this provision is illogical. The fact that the second paragraph of Section IV of the charter ties the duration of the appointment to the next general election strongly suggests that the intent is to fill the seat at that election. Upper Arlington’s position fails to account for this language.
{¶ 13} Moreover, Upper Arlington’s position that it can fill a vacant seat by appointment multiple times would lead to an absurd result. A council seat became vacant when Schadek unexpectedly resigned. And when Ralph’s appointment expires in January 2017, according to Upper Arlington, there will be another vacancy, such that the city council can make another appointment. But if the expiration of a term creates a vacancy, then, in theory, city council could carry on making appointments in perpetuity and never conduct another election.
{¶ 14} But the most persuasive reason to reject Upper Arlington’s position is that its interpretation of Section IV, Paragraph 2 of the city charter creates a conflict with the very next paragraph. Section IV, Paragraph 3 provides:
No person shall hold the office of Council Member for a period longer than two consecutive terms of four years. For purposes of this section, any appointment or election for less than a full four-year term shall not count against the two-term limitation.
(Emphasis added.) If Upper Arlington’s argument were correct, there could never be an election for less than a full four-year term. This paragraph of the charter makes sense only if it is possible for a member to be elected to the unexpired portion of a term.
{¶ 15} The charter imposes a clear legal duty upon the city of Upper Arlington to fill Schadek’s seat for its unexpired term at the November 2016 election.

Conclusion

{¶ 16} The Upper Arlington City Council has authority, by resolution, to order a special election at any time. We hereby grant a writ of mandamus ordering the Upper Arlington respondents to take whatever steps are necessary to place the council seat on the November 2016 ballot. Because this matter has not yet *342 reached the Franklin County Board of Elections, we grant no relief against the board.
Writ granted in part and denied in part.
O’Connor, C.J., and Pfeifer, French, and O’Neill, JJ., concur.
O’Connor, C.J., concurs with an opinion.
Lanzinger and Kennedy, JJ., concur in judgment only.
O’Donnell, J., dissents, with an opinion.

. “Upper Arlington” here refers to respondents the city of Upper Arlington, the Upper Arlington City Council, and City Manager, Theodore J. Staton.